UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JEFFREY ALLEN ATWELL, Individually and on Behalf of Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>1. ELLSWORTH CONSTRUCTION, LLC, a domestic limited liability company<br><br>        Defendant. | Case No. 20-cv-00501-GKF-FHM<br><br>Jury Trial Demanded<br><br>Attorney Lien Claimed for the Firm |

## COMPLAINT

**COMES NOW,** the Plaintiff, Jeff Atwell ("Plaintiff"), by and through his attorneys of record, Charles C. Vaught and Jessica N. Vaught of *Armstrong & Vaught, P.L.C.*, and on behalf of others similarly situated and hereby brings claims pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "FLSA" or "the Act"), against Ellsworth construction LLC, ("Plaintiff")

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the FLSA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for hours that Plaintiff and the others worked in excess of forty (40) per workweek as well as for Defendants' failure to reimburse out-of-pocket expenses incurred on behalf of Defendants in the regular course of Plaintiffs' employment.

1

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the OPLA as described *infra*.

3. The United States District Court for the Northern District of Oklahoma has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA. The court also has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Defendants conduct business within the State of Oklahoma, operating construction services throughout Oklahoma, including within the Northern District of Oklahoma.

5. Venue lies properly with this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Oklahoma has personal jurisdiction over Defendants, and Defendants therefore "reside" in Oklahoma.

6. Plaintiff was employed by Defendants throughout the State of Oklahoma, including the Northern District of Oklahoma. The acts alleged in this Complaint had their principal effect within the Northern District of Oklahoma, in that a significant percentage of the work performed by Plaintiff occurred in the Northern District of Oklahoma, and the venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Plaintiff is a resident and citizen of Sand Springs, Tulsa County, Oklahoma.

8. At all times relevant to the allegations in this Complaint, Plaintiff was paid straight time for all hours worked as an employee of Defendants.

9. At all times material herein, Plaintiff and those similarly situated to Plaintiff, have been entitled to the rights, protections, and benefits provided under the FLSA.

10. At all times material herein, Plaintiff and those similarly situated were not paid one and one-half times their regular rate of pay for all hours that they worked in excess of forty (40) per week in violation of the FLSA.

11. At all times material herein, Plaintiff and those similarly situated were not reimbursed for out-of-pocket expenses incurred on Defendant's behalf in the regular course of business.

12. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

13. Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14. Defendant is a domestic limited liability company, registered to do business in the State of Texas.

15. Plaintiff was, at all times relevant hereto, an employee as defined by the FLSA.

16. Defendant is an employer as defined by the FLSA.

## **OPERATIVE FACTS**

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

18. Defendant hired Plaintiff as a foreman in March 2019.

19. In Plaintiff's position as a foreman, he spent most of his shift operating heavy machinery. He also was considered a Supervisor, generally responsible for advising a crew of two other

employees where to focus their efforts for that day, as well as turning in their timesheets and Incident Reports to Defendant's General Superintendent.

20. Plaintiff had no authority in hiring or firing people and no ability to provide recommendations regarding any such decisions.

21. Throughout Plaintiff's employment, he frequently worked over forty hours per week but was paid straight time for all hours worked.

22. Defendant never required Plaintiff to submit any timesheets, however, he was required to submit timesheets of his fellow employees that worked the same amount of hours as him.

23. Plaintiff resigned on July 26, 2019, because Defendant failed to pay him overtime.

## REPRESENTATIVE ACTION ALLEGATIONS

24. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated into this section.

25. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA

26. Plaintiff brings his claims for violation of the FLSA as a collective action pursuant to Sections 207 and 16(b) of the FLSA, 29 U.S.C §§ 207 and 216(on behalf of all persons who were, are or will be employed as similarly situated within the statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Minimum wages for the first forty (40) hours worked each week;

    B.    Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week; and

    C.    Liquidated damages and attorney's fees.

27. In conformity with the requirements of FLSA Section 16(b), Plaintiff will file a written Consent to Join this lawsuit.

28. The relevant dates back three years from the date on which this lawsuit was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth hereinbelow.

29. The members of the proposed class of current and former employees and those similarly situated share these traits:

   A.   They were foremen who operated heavy machinery and supervised where other employees focused their daily efforts.

   B.   They were subject to the same policy of straight time for all work performed; and

   C.   They did not receive overtime premiums for all hours worked;

30. Plaintiff is unable to state the exact number of the potential members of the FLSA class but believes that it exceeds ten.

31. Defendants can readily identify the members of the proposed class, which encompasses all foremen employed in Oklahoma.

32. The names, cell numbers, and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text and first-class mail (or email) to their last known addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## FIRST CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

33. Plaintiff repeats and re-alleges all previous paragraphs of his Complaint as though fully incorporated in this section.

34. Plaintiff, individually and on behalf of others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

35. At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

36. At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

37. At all relevant times, Defendant has been and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

38. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff and other similarly situated employees for all hours worked at the overtime premium under the FLSA because of Defendant intentionally misclassifying Plaintiff and other similarly situated employees as exempt under the FLSA.

39. Despite the entitlement of Plaintiff and those similarly situated to overtime premiums under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one week because of Defendant intentionally misclassifying Plaintiff and those similarly situated as exempt from overtime pay.

40. Because these employees are similarly situated to Plaintiff and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All foremen employed in Oklahoma within the past three years.**

41. By reason of the unlawful acts alleged herein, Defendant is jointly liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years before the filing of this Complaint.

## SECOND CAUSE OF ACTION
**(Individual Claim for Violation of the FLSA)**

42. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

43. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

44. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

45. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

47. Defendants intentionally misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

48. Despite the entitlement of Plaintiff to overtime premiums under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one week.

49. Because of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years before the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeff Atwell, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.  That Defendants be summoned to appear and answer this Complaint;

B.  For orders regarding certification of and notice to the proposed class members;

C.  For an order of this Honorable Court entering judgment in favor of Plaintiff and the proposed class members against Defendants for their actual economic damages in an amount to be determined at trial;

D.  For liquidated damages as provided for under the FLSA;

E.  For attorneys' fees, costs, and pre-judgment interest; and

F.  For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Jessica N. Vaught*
**Charles C. Vaught, OBA #19962**
**Jessica N. Vaught, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *Telephone*
(918) 583-1755 – *Facsimile*
cvaught@a-vlaw.com
jvaught@a-vlaw.com
***Attorneys for Plaintiff***